19 CV 3876 (PAE) (KHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESUS BRITO,

Plaintiff,

-against-

LUCKY SEVEN RESTAURANT & BAR LLC d/b/a LUCKY 7 TAPAS BAR, LA CASA DEL MOFONGO INC., FELIX CABRERA, AVI DISHI, and JOHN DOES #1-10,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. OF CIV. P. RULE 56**

**HORWITZ & ZIM LAW GROUP, P.C.**
*Attorney for Defendants*
260 Madison Avenue, 16th Floor
New York, New York 10016

By: Eric M. Zim, Esq.
Tel: (212) 644-1857
Email: ezim@hzlaw.com

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

STATEMENT OF FACTS ........ 1

STANDARD OF REVIEW ........ 2

APPLICABLE LAW

A. FAIR LABOR STANDARDS ACT ........ 3

1. Statute of Limitations ........ 3

B. NEW YORK LABOR LAW ........ 3

1. Statute of Limitations ........ 4

2. Spread of Hours ........ 4

3. Wage Statements Pursuant to NYLL §195(3) ........ 4

ARGUMENT

POINT I

STATUTE OF LIMITATIONS ........ 4

POINT II

PLAINTIFF IS NOT OWED ANY OVERTIME WAGES ........ 5

POINT III

PLAINTIFF IS NOT OWED ANY "SPREAD OF HOURS" WAGES ........ 8

POINT IV

DEFENDANTS COMPLIED WITH THE WAGE THEFT PREVENTION ACT ........ 10

CONCLUSION ........ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Amaya v. Superior Tile and Granite Corp.,
10 Civ. 4525 (PGG), 2012 WL 130425 (S.D.N.Y. Jan. 17, 2012)....8

Celotex Corp. v. Catrett,
477 U.S. 317 (1986)....2

Chocolatl v. Rendezous Café, Inc.,
18 Civ. 3372 (CBA)(VMS), 2019 WL 5694104 (E.D.N.Y. Aug. 16, 2019)....11

Eastman Kodak Co. v. Image Tech. Servs., Inc.,
504 U.S. 451 (1992)....2

Gabai v. Jacoby,
800 F. Supp. 1149 (S.D.N.Y. 1992)....3

Gamero v. Koodo Sushi Corp.,
272 F. Supp.3d 481 (S.D.N.Y. 2017)....5

Gonzalez v. Masters Health Food Service Inc.,
14 Civ. 7603 (VEC), 2017 WL 3835960 (S.D.N.Y. Jul. 27, 2017)....8

Jaramillo v. Weyerhaeuser Co.,
536 F.3d 140 (2d Cir. 2008)....2

Jermosen v. Coughlin,
877 F. Supp. 864 (S.D.N.Y. 1995) ....2

Kinsella v. Rumsfeld,
320 F.3d 309 (2d Cir. 2003)....2

Matsushita Elect. Indus. Co. v. Zenith Radio Corp.,
475 U.S. 574 (1986)....2

McClellan v. Smith,
439 F.3d 137 (2d Cir. 2006)....3

McLaughlin v. Richland Shoe Co.,
486 U.S. 128 (1988)....5

Pastor v. Alice Cleaners, Inc.,
16 Civ. 7264 (JLC), 2017 WL 5625556 (S.D.N.Y. Nov. 21, 2017)....7

**Pages**

Reiseck v. Universal Communications of Miami, Inc.,
591 F.3d 101 (2d Cir. 2010)....................................................................................3

Severino v. 436 West L.L.C.,
13 Civ. 3096 (VSB), 2015 WL 12559893 (S.D.N.Y. Mar. 19, 2015)..................................11

**Statutes**

29 U.S.C. §202(a) ........................................................................................................3

29 U.S.C. §206(a)(1).......................................................................................................3

29 U.S.C. §207(a)(1).......................................................................................................5

29 U.S.C. §255(a) ........................................................................................................3,5

FED. R. CIV. P. 56(a).......................................................................................................2

N.Y.L.L. §195(3) .......................................................................................4, 10, 11, 12

N.Y.L.L. §652(1) ..................................................................................................4, 8, 9

N.Y.L.L. §663(3) ..........................................................................................................4

**Regulations**

12 N.Y.C.R.R. §146-1.4 ...............................................................................................4.5

12 N.Y.C.R.R §146-1.6 ....................................................................................................4

12 N.Y.C.R.R §146-1.6(a).............................................................................................4,8

12 N.Y.C.R.R §146-1.6(c)................................................................................................4

12 N.Y.C.R.R §146-1.6(d)................................................................................................8

## PRELIMINARY STATEMENT

Plaintiff, Jesus Brito ("Plaintiff"), began working, in or about 2011, at Defendant, Lucky Seven Restaurant & Bar LLC d/b/a Lucky 7 Tapas Bar ("Lucky Seven"), which is a restaurant located in Manhattan. Thereafter, on or about January 24, 2014, Plaintiff began working at the neighboring restaurant, Defendant, La Casa del Monfongo Inc. ("Mofongo"). Plaintiff continued to work at both restaurants until early-November 2018, when his employment at Lucky Seven ended; however, he continues to work at Mofongo.

Plaintiff commenced this suit seeking money damages under the Federal Labor Standards Act ("FLSA") and/or the New York Labor Law ("NYLL") for alleged overtime violations, "spread of hours" violations and violation of the Wage Theft Prevention Act. Plaintiff further alleges that the restaurants constitute a single "enterprise" as defined in the FLSA. However, the Plaintiff's claims fail as the Defendants' contemporaneous, employment records clearly show that Plaintiff was fully compensated for all of the hours that he performed work at the restaurants. Indeed, the weekly time records issued to Plaintiff by the restaurants contain the Plaintiff's signature and a note stating that "payment includes any over time".

Simply put, Plaintiff's claims lack merit. Indeed, it is believed that Plaintiff was solely motivated to bring this lawsuit in retaliation as he was accused of stealing at one of the restaurants. **Ex. S**, Deposition of Plaintiff, Jesus Brito, taken December 9, 2019 (hereinafter "Plaintiff Dep."), P10:L11-18 and P53:L4-6. As more fully set forth herein, Defendants are entitled to summary judgment dismissing the claims brought against them.

## STATEMENT OF FACTS

In the interest of brevity, Defendants respectfully refer to the facts set forth in Defendants' Statement of Material Facts (hereinafter "SOMF") and Declaration of Eric M. Zim, Esq. (hereinafter "Dec. Zim"), both dated March 16, 2020.

**STANDARD OF REVIEW FOR SUMMARY JUDGMENT**

A court must grant a motion for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is appropriate when, the evidence viewed in the light most favorable to the non-movant, the court determines that no genuine issue of material fact exists. See Id.; and Eastman Kodak Co. v. Image Technical Services, Inc., 504 U.S. 451, 456 (1992). A material fact is one that might affect the outcome of a suit under governing law. Kinsella v. Rumsfeld, 320 F.3d 309, 311 (2d Cir. 2003). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is 'no genuine issue for trial.'" Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

A motion for summary judgment, therefore, requires the party with the burden of proof at trial to "make a showing sufficient to establish the existence of an element essential to that party's case . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party can show that no genuine issue of material fact exists by "setting forth specific facts denying [plaintiff's] claims." Jermosen v. Coughlin, 877 F. Supp. 864 (S.D.N.Y. 1995) (citing Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986)). The moving party may also prevail "'by pointing out that there is an absence of evidence to support the non-moving party's case.'" Jermosen, 877 F. Supp. at 864 (quoting Gabai v. Jacoby, 800 F. Supp. 1149, 1153 (S.D.N.Y. 1992)).

In order to avoid summary judgment, the non-moving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial. Jaramillo v. Weyerhaeuser Co., 536 F.3d 140, 145 (2d Cir. 2008) (internal citations omitted). Evidence which is merely "colorable, conclusory, speculative or not significantly probative" is insufficient

to withstand a summary judgment motion. Gabai, 800 F. Supp. at 1153. Similarly, "[t]he nonmoving party cannot defeat summary judgment by 'simply showing that there is some metaphysical doubt as to the material facts . . . or by a factual argument based on 'conjecture or surmise.'" McClellan v. Smith, 439 F.3d 137, 144 (2d Cir. 2006) (internal citations omitted).

In the instant case, summary judgment is warranted because Plaintiff cannot show that there are disputed facts that require a trial. Defendants therefore respectfully request that summary judgment be granted in their favor.

## APPLICABLE LAW

### A. FAIR LABOR STANDARDS ACT

Congress enacted the Fair Labor Standards Act ("FLSA") in 1938. 29 U.S.C. §202(a). The FLSA requires employers to pay the prevailing minimum wage. 29 U.S.C. §206(a)(1). "Pursuant to the FLSA, employers must pay an employee at a rate of 'not less than one and one-half times the regular rate at which he is employed' for any hours worked in excess of forty hours in a given week." Reiseck v. Universal Communications of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010) (citing 29 U.S.C. §207(a)).

#### 1. Statute of Limitations

The FLSA provides for a two (2) year statute of limitations for the enforcement of its provisions. 29 U.S.C. §255(a). Although, the statute of limitations is increased to three (3) years upon the showing that an employer's violation of the FLSA was willful. Id. The standard for willfulness is "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S. Ct. 1677, 100 L.Ed.2d 115 (1988).

### B. NEW YORK LABOR LAW

Like the FLSA, the New York Labor Law ("NYLL") allows employees to bring claims for unpaid minimum wage and overtime compensation; minimum wage is set forth in NYLL §652(1) and overtime compensation is set forth in N.Y. Comp. Codes R. & Res. Tit. 12 §146-1.4.

**1. Statute of Limitations**

The NYLL provides for a six (6) year statute of limitations. NYLL §663(3).

**2. Spread-of-Hours**

The NYLL defines spread-of-hours as "the length of the interval between the beginning and end of an employee's workday. The spread of hours for any day includes working time plus time off for meals plus intervals off duty." 12 N.Y.C.R.R §146-1.6. "On each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate". 12 N.Y.C.R.R §146-1.6(a). "The additional hour of pay is not a payment for time worked or work performed and need not be included in the regular rate of pay for the purpose of calculating overtime pay." 12 N.Y.C.R.R §146-1.6(c).

**3. Wage Statements Pursuant to NYLL §195(3)**

NYLL §195(3) requires that every employer provide to his or her employees with "a statement with every payment of wages," listing various information including the dates of work covered by the payment, information identifying the employer and employee, details regarding the rate of pay and the overtime rate of pay, and the number of hours worked.

**ARGUMENT**

**<u>POINT I</u>**

**<u>STATUTE OF LIMITATIONS</u>**

As noted above, the FLSA and NYLL have different statute of limitations. The statute of limitation under the FLSA is two (2) years, unless the employer has willfully violated the statute,

then it is three (3) years. Gamero v. Koodo Sushi Corp., 272 F. Supp.3d 481, 498, n.7 (S.D.N.Y. 2017); see 29 U.S.C. §255(a). The statute of limitations under the NYLL is six (6) years. Id. (citing NYLL §663(3)).

Here, the Plaintiff filed his complaint on May 1, 2019 (**Ex. A**, Complaint, filed May 1, 2019 (hereinafter "Comp.")). As such, any NYLL violations committed on or after May 1, 2013 are actionable. In contrast, any violations committed under the FLSA would, at most, reach back to May 1, 2016.

## POINT II

## PLAINTIFF IS NOT OWED ANY OVERTIME WAGES

Plaintiff's first cause of action asserts violations of the overtime provisions of the FLSA, and his second cause of action asserts violations of the overtime provisions of the NYLL. As noted above, "[b]oth the FLSA and NYLL require employers to pay overtime. The requirement under both statutes is the same: once an employee works 40 hours in a week, he must be paid 'one and one-half times his regular rate' for all excess hours." Gamero, 272 F. Supp.3d at 499 (quoting DeJesus v. HF Management Services, LLC, 726 F.3d 85, 88 (2d Cir. 2013)); see also 29 U.S.C. §207(a)(1) and 12 N.Y.C.R.R. §146-1.4.

Here, the relevant time period is from January 24, 2014 through early-November 2018 when Plaintiff worked for both restaurants (SOMF ¶¶5 and 7), which is documented as set forth herein. The payroll report for Mofongo shows Plaintiff's date of hire at that restaurant as January 24, 2014 (**Ex. C**, Mofongo payroll report (hereinafter "Mof. payroll report")). Indeed, this corresponds to the payroll report for Lucky Seven showing a change in Plaintiff's compensation beginning with the entry for the check dated January 26, 2014 (**Ex. B**, Lucky Seven payroll report (hereinafter "LS payroll report")). The last page of the LS payroll report shows that the last check issued to Plaintiff was dated November 2, 2018 (**Ex. B**), and the last

weekly time record issued by Lucky Seven to Plaintiff was for the week ending October 28, 2018, which is dated November 5, 2018 and contains Plaintiff's signature (**Ex. E**, Lucky Seven Weekly Time Records 2018 (hereinafter "LS WTR 2018")).

As per Plaintiff, during the relevant period, he worked a regular schedule of six (6) days per week as follows: one (1) eleven and a half hour day, three (3) ten hour days, a twelve hour day, and a nine hour day (**Ex. A**, Comp. ¶26). As such, per Plaintiff, he worked fifty-nine and a half (59½) hours per week at both restaurants during this time (**Ex. A**, Comp. ¶26). Thus, per Plaintiff, he worked nineteen and a half (19½) hours in excess of 40 hours every week during this time period. As evidenced by the payroll records produced by both Plaintiff and Defendants, Plaintiff was paid the appropriate overtime premium.

The payroll records, and the notices and acknowledgement of pay rate and payday ("annual notices"), issued by the restaurants show that the Plaintiff's compensation was based upon an hourly rate. Plaintiff's hourly pay rate and overtime pay rate during the relevant period is as follows:

- Hourly pay rate of $12.50 and overtime pay rate of $18.75 per hour from January 24, 2014 to mid-January 2018; and
- Hourly pay rate of $13.00 and overtime pay rate of $19.50 from mid-January 2018 to early-November 2018.

See **Ex. B**, LS payroll report; **Ex. C**, Mof. payroll report; **Ex. D**, Mofongo Weekly Time Records 2014 (hereinafter "Mof. WTR 2014"); **Ex. E**, LS WTR 2018; **Ex. G**, Lucky Seven Weekly Time Records 2014 (hereinafter "LS WTR 2014"); **Ex. H**, Mofongo Weekly Time Records 2015 (hereinafter "Mof. WTR 2015"); **Ex. I**, Lucky Seven Weekly Time Records 2015 (hereinafter "LS WTR 2015"); **Ex. J**, Mofongo Weekly Time Records 2016 (hereinafter "Mof. WTR 2016"); **Ex. K**, Lucky Seven Weekly Time Records 2016 (hereinafter "LS WTR 2016"); **Ex. L**,

Mofongo Weekly Time Records 2017 (hereinafter "Mof. WTR 2017"); **Ex. M**, Lucky Seven Weekly Time Records 2017 (hereinafter "LS WTR 2017"); **Ex. N**, Mofongo Weekly Time Records 2018 (hereinafter "Mof. WTR 2018"); **Ex. O**, Plaintiff's Paystubs; and **Ex. P** Mofongo and Lucky Seven Annual Notices (hereinafter "Mof. and LS Annual Notices").

As such, during the workweeks from January 24, 2014 to mid-January 2018, Plaintiff was paid his regular rate of pay at $12.50 per hour for the first 40 hours totaling $500.00. Also, during this time, Plaintiff was paid at the overtime rate of $18.75 per hour for the nineteen and a half (19½) hours he worked in excess of 40 hours totaling $365.63. Accordingly, the compensation due to Plaintiff for the 59½ hours he worked weekly during the period from January 24, 2014 to mid-January 2018 is $865.63.

Moreover, during the workweeks from mid-January 2018 to early-November 2018, Plaintiff was paid his regular rate of pay at $13.00 per hour for the first 40 hours totaling $520.00. Also, during this time, Plaintiff was paid at the overtime rate of $19.50 per hour for the nineteen and a half (19½) hours he worked in excess of 40 hours totaling $380.25. Thus, the compensation due to Plaintiff for the 59½ hours he worked weekly during the period from mid-January 2018 to early-November 2018 is $900.25.

By Plaintiff's own account, he was more than fully compensated based upon his hourly rate, as he acknowledges that he was paid $1,000.00 per week by the restaurants during the relevant time period as he generally worked the same hours every week (**Ex. A**, Comp. ¶¶26-27, and 31). Notably, the weekly time records issued to Plaintiff by the restaurants contain the Plaintiff's signature and a note stating that "payment includes any over time" (**Ex. S**, Plaintiff Dep. P44:L21-25, P46:L24-25 to P47:L2, P48:L12-25, and P49:L2-5). Even assuming arguendo that Plaintiff's compensation could be considered a fixed weekly salary, "[a]n agreement for a

fixed weekly salary for more than 40 hours of work per week…complies with…[NYLL] if there is an explicit understanding between the employer and employee as to regular and overtime rates." Amaya v. Superior Tile and Granite Corp., 10 Civ. 4525 (PGG), 2012 WL 130425, at *9 (S.D.N.Y. Jan. 17, 2012) (citing Giles v. City of New York, 41 F. Supp.2d 308, 316-17 (S.D.N.Y. 1999)).

It should also be noted that the payroll records for the period from mid-January 2018 to early-November 2018 show that Plaintiff was paid $1,040.00 during that time (**Ex. E**, LS WTR 2018; and **Ex. N**, Mof. WTR 2018). This corresponds to the minimum wage increase occurring on or about December 31, 2017. See NYLL §652(1). Based upon the foregoing, it is clear that the Plaintiff was paid for the overtime hours he worked, and as such, there are no unpaid wages due to Plaintiff. Further, as Plaintiff is not owed any overtime compensation, he is not entitled to any damages for same.

**POINT III**

**PLAINTIFF IS NOT OWED ANY "SPREAD OF HOURS" WAGES**

Plaintiff's third cause of action asserts a violation of NYLL's "spread of hours" provision. As noted above, under NYLL, an employee is entitled to an extra hour's pay at the minimum wage rate for any day for which "the spread of hours exceeds 10." 12 N.Y.C.R.R. §146-1.6(a). "The 'spread of hours' measures 'the interval between the beginning and end of an employee's workday' and 'includes working time plus time off for meals plus intervals off duty.'" Gonzalez v. Masters Health Food Service Inc., 14 Civ. 7603 (VEC), 2017 WL 3835960, at *17 (S.D.N.Y. Jul. 27, 2017) (quoting 12 N.Y.C.R.R. §146-1.6(a)). Employers are required to pay spread-of-hours wages for "all employees in restaurants…regardless of a given employee's regular rate of pay." 12 N.Y.C.R.R. §146-1.6(d).

Here, as noted above, Plaintiff worked at both restaurants during the relevant time period of January 24, 2014 to early-November 2018. As per Plaintiff, he worked two (2) shifts per week that lasted in excess of ten (10) hours from start to finish (Complaint ¶38). As such, Plaintiff is entitled to receive an additional hour's pay at the minimum wage for each such day during the relevant period based upon the following rates:

- Hourly minimum wage on and after December 31, 2013: $8.00;
- Hourly minimum wage on and after December 31, 2014: $8.75;
- Hourly minimum wage on and after December 31, 2015: $9.00;
- Hourly minimum wage on and after December 31, 2016: $11.00; and
- Hourly minimum wage on and after December 31, 2017: $13.00.

See NYLL §652(1).

Plaintiff's assertion that he did not receive spread-of-hours wages is simply not supported by the record where by Plaintiff's own admission he was paid $1,000.00 per workweek. Again, as noted above, Plaintiff worked fifty-nine and a half (59½) hours at both restaurants during the relevant period. During the workweeks from January 24, 2014 to mid-January 2018, Plaintiff's regular rate of pay was $12.50 per hour for the first 40 hours totaling $500 and his overtime rate of pay was $18.75 per hour for the nineteen and a half (19½) overtime hours totaling $365.63, which said amounts total $865.63 per workweek during this period.

In addition to the compensation due to Plaintiff in the amount of $865.63 for the workweeks during January 24, 2014 to mid-January 2018, Plaintiff was entitled to spread-of-hours pay, and thus, entitled to total compensation during this period as follows:

- 2 shifts per week at the minimum wage rate of $8.00 per hour from January 24, 2014 through December 30, 2014 is $16.00 plus $865.63, which totals $881.63;

- 2 shifts per week at the minimum wage rate of $8.75 per hour from December 31, 2014 through December 30, 2015 is $17.50 plus $865.63, which totals $883.13;
- 2 shifts per week at the minimum wage rate of $9.00 per hour from December 31, 2015 through December 30, 2016 is $18.00 plus $865.63, which totals $883.63;
- 2 shifts per week at the minimum wage rate of $11.00 per hour from December 31, 2016 through December 30, 2017 is $22.00 plus $865.63, which totals $887.63; and
- 2 shifts per week at the minimum wage rate of $13.00 per hour from December 31, 2017 through mid-January 2018 is $26.00 plus $865.63, which totals $891.63.

Moreover, during the workweeks from mid-January 2018 to early-November 2018, Plaintiff's regular rate of pay was $13.00 per hour for the first 40 hours totaling $520.00 and his overtime rate of pay was $19.50 per hour for the nineteen and a half (19½) overtime hours totaling $380.25, which said amounts total $900.25 per workweek during this period. Further, in addition to the compensation due to Plaintiff in the amount of $900.25 for the workweeks during mid-January 2018 to early-November 2018, Plaintiff was entitled to spread-of-hours pay, and thus, entitled to total compensation during this period as follows:

- 2 shifts per week at the minimum wage rate of $13.00 per hour from mid-January 2018 through November 2018 is $26.00 plus $900.25, which totals $926.25.

As previously stated, during the relevant period, Plaintiff acknowledges he was paid $1,000 per workweek as confirmed by the payroll records. As such, it is clear that the Plaintiff received spread-of-hours wages, and thus, there are no such unpaid wages due Plaintiff. Further, as Plaintiff is not owed any spread-of-hours wages, he is not entitled to any damages for same.

## POINT IV

## DEENDANTS COMPLIED WITH THE WAGE THEFT PREVENTION ACT

Plaintiff's fourth cause of action asserts a violation of the wage statement provision under NYLL §195(3). As noted above, "[e]mployers are also required to provide employees with a

wage statement with each payment of wages. Pastor v. Alice Cleaners, Inc., 16 Civ. 7264 (JLC), 2017 WL 5625556, at *5 (S.D.N.Y. Nov. 21, 2017) (citing NYLL §195(3)). Each wage statement must list, *inter alia*, rates paid, hours worked, and the employer's address and phone number. NYLL §195(3).

Here, the record shows that Defendants provided Plaintiff with wage statements. See **Ex. D**, Mof. WTR 2014; **Ex. E**, LS WTR 2018; **Ex. F**, Deposition of Tatiana Brazoban, taken September 23, 2019 (hereinafter "Brazoban Dep."), P35:L8-11-14 and P:36:L17-21; **Ex. G**, LS WTR 2014; **Ex. H**, Mof. WTR 2015; **Ex. I**, LS WTR 2015; **Ex. J**, Mof. WTR 2016; **Ex. K**, LS WTR 2016; **Ex. L**, Mof. WTR 2017; **Ex. M**, LS WTR 2017; **Ex. N**, Mof. WTR 2018; **Ex. O**, Plaintiff's Paystubs; and **Ex. R**, Deposition of Eddy Mourad, taken September 23, 2019 (hereinafter "Mourad Dep."), P35:L5-13 and P36:L3-5.

However, Plaintiff maintains that said statements are not accurate. Notably, "[m]ost existing cases holding employers liable for failing to satisfy the requirements of NYLL §195(3) have done so where the employer has furnished no wage statements at all." Severino v. 436 West L.L.C., 13 Civ. 3096 (VSB), 2015 WL 12559893, at *9 (S.D.N.Y. Mar. 19, 2015). In fact, "[i]t may be that an employer could raise a substantial-compliance argument such that the alleged errors in the contents of the wage-statements furnished to Plaintiff need not lead to an automatic wage-statement violation." Chocolatl v. Rendezous Café, Inc., 18 Civ. 3372 (CBA)(VMS), 2019 WL 5694104, at *12, n. 16 (E.D.N.Y. Aug. 16, 2019).

The wage statements provided by Defendants to Plaintiff substantially complied with the requirements of NYLL §195(3) in that it listed the following:

- dates of work covered by that payment of wages;
- employee's name;

- employer's name;
- address and phone number of employer;
- rate of pay;
- indicated that Plaintiff was paid hourly;
- gross wages;
- net wages; and
- deductions

Accordingly, Defendants have not violated the wage statement provision under NYLL §195(3).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion for summary judgment in its entirety, together with such costs, fees and other and further relief as the Court deems just and proper.

Dated: New York, New York
March 16, 2020

HORWITZ & ZIM LAW GROUP, P.C.
*Attorneys for Defendants*
260 Madison Avenue, 16th Floor
New York, New York 10016
(212) 644-1857 – telephone

/s/ Eric M. Zim
Eric M. Zim, Esq.